IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MATTHEW BAILEY, #290472, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-922-WKW |
| | ) | |
| TRUMAN M. HOBBS, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Matthew Bailey ("Bailey"), a state inmate. In this complaint, Bailey challenges the constitutionality of a sentence imposed upon him by the Circuit Court of Montgomery County, Alabama on March 28, 2016. Bailey names Truman M. Hobbs, Jr., the sentencing judge, and Sherri Mazur, the Assistant District Attorney assigned to his case, as defendants in this cause of action. Bailey seeks a declaratory judgment, preliminary and permanent injunctive relief and monetary damages.

Upon review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] Bailey sought leave to proceed *in forma pauperis* in this case. The court granted Bailey *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Bailey filed the requisite initial partial filing fee on February 1, 2017. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails

## II.  DISCUSSION

### A.  Judge Truman M. Hobbs, Jr.

Bailey alleges that Judge Hobbs violated his constitutional rights with respect to the sentence imposed upon him on March 28, 2016.  The claims against Judge Hobbs entitle Bailey to no relief in this cause of action.

1.  <u>The Request for Monetary Damages</u>.  All of the allegations made by Bailey against Judge Hobbs emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988*); Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). In light of the foregoing, Bailey's claims for monetary damages against Judge Hobbs are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2.  <u>Request for Declaratory/Injunctive Relief from State Court Action</u>.  To the extent that Bailey seeks declaratory and/or injunctive relief from a final sentencing order issued by Judge Hobbs, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents … lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging

---

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Bailey from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief from the 2016 sentencing order issued by Judge Hobbs in Bailey's state criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

**B.  Assistant District Attorney Sherri Mazur**

The law is well settled that "a prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government."

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation,  prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when [she] acts within the scope of [her] prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government.").   The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process."  *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during the sentencing phase of the process.  *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431).

The claims presented by Bailey relate solely to actions undertaken by the Assistant District Attorney while she engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which Ms. Mazur is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493.  Thus, Bailey's claims against Assistant District Attorney Mazur are due to be dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (iii). In addition, Bailey is entitled to no declaratory or injunctive relief against defendant Mazur for any alleged adverse action related to the sentence imposed upon him by the Circuit Court of Montgomery County, Alabama. *See supra* at 2-3; *see also infra* at 5-7.

### C. The Challenge to Plaintiff's Sentence

Bailey alleges that the trial court sentenced him in violation of his constitutional rights by imposing a sentence above the range recommended in the state guidelines. *Doc. No. 1* at 2. The improper sentence claim goes to the fundamental legality of Bailey's sentence and his current incarceration on such sentence. Consequently, Bailey is entitled to no relief on this claim. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or

injunctive relief. *Balisok*, *supra*.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] … may not do that in a civil suit, other than a suit under the habeas corpus statute.").  An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Bailey v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue … is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Bailey's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his sentence.  512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n. 4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Consequently, the claim presented by Bailey challenging the constitutionality of his state sentence is not cognizable in this cause of action at this time and is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Judge Truman M. Hobbs, Jr. and Assistant District Attorney Sherri Mazur seeking declaratory and injunctive relief with respect to a sentencing order issued in a criminal proceeding before the Circuit Court of Montgomery County, Alabama be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's claims against Judge Truman M. Hobbs, Jr. and Assistant District Attorney Sherri Mazur for monetary damages be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3.  The plaintiff's challenge to the constitutionality of the sentence imposed upon him by the Circuit Court of Montgomery County, Alabama on March 28, 2016 be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court in this cause of action.

4.  The plaintiff's motion for preliminary injunction (Doc. No. 1 at 3) be DENIED as he has failed to show a substantial likelihood of success on the merits.

5.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before February 20, 2017 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 6th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge